# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## INFORMAL REPLY BRIEF OF PETITIONER/APPELLANT

**Case Number:** 2023-2073

**Short Case Caption:** Chisena v. Major League Baseball Players Association

**Petitioner/Appellant:** Michael P. Chisena

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 15 pages.

You may attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Do not attach material already attached to your informal opening brief. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you received a copy of the respondent/appellee's response brief?
   ☑ Yes ☐ No

   **STOP:** You may use this form to respond to arguments raised in the brief of respondent/appellee. If you have not received that brief, you may not file this form. **Do not proceed or file this form if you answered "No."**

2. What are your arguments in response to the respondent/appellee?

   Please see my Informal Reply Brief.

3. Are there other arguments you wish to make? ☑ Yes ☐ No
   If yes, please state them.

Please see my Informal Reply Brief.

Date: 08/11/2025

Signature: /s/ Michael P. Chisena

Name: Michael P. Chisena

**No. 2023-2073**

---

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

MICHAEL P. CHISENA,
*Appellant*

v.

MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION and
AARON JUDGE,
*Appellees*

---

Appeal from the United States Patent and Trademark Office, Patent and Trial Appeal Board (Opposition Nos. 91240180, 91242556, 91243244)

---

**INFORMAL REPLY BRIEF**

**BY APPELLANT MICHAEL P. CHISENA**

---

## Table of Contents

Introduction ........................................................................................................3

Renewal of My Motion to Strike Portions of Appellees' Brief............................ 3-8

TTAB Did Not Find that Opposers' All Rise and Here Comes the Judge Slogans and Word Mark Judge were Commercial Source Indicators ................ 8-9

The Slogans All Rise and Here Comes the Judge and Word Mark Judge as Used on Opposers' IC 25 Goods Are Not Distinctive and Do Not Support Secondary Source Trademark Usage ................................................ 9-10

Appellees' Arguments re: Secondary Source Trademark have been Waived... 10-11

Appellees' Arguments re: Implied Consent have been Waived ....................... 11-12

Case Law Supporting Waiver by Appellees of Secondary Source Claim and Implied Consent Claim ........................................................................12

Conclusion ........................................................................................................13

## **<u>Introduction</u>**

Appellant responds to **"Brief of Appellees"** filed on June 2, 2025 (ECF No. 59). Appellees in their 61-page brief consisting of 13,889 words with a Table of Authorities citing 57-cases, 5-statutes and 15 "Other Authorities" do not challenge, contest or disagree that the TTAB in its April 12, 2023 decision:

1) did <u>not</u> rule that the Opposers' claimed trademarks of ALL RISE, HERE COMES THE JUDGE and JUDGE had priority over my ITU filings because any were direct commercial source indicators of Opposers IC 25 goods; and

2) found priority for Appellees solely based upon Aaron Judge being a secondary source trademark for the IC 25 goods at issue.

I appealed solely from the TTAB's ruling of priority. Appellees did not cross-appeal. Thus, there are very limited issues before this Court on this appeal.

## **<u>Renewal of My Motion to Strike Portions of Appellees' Brief</u>**

Per this Court's July 10, 2025 order (ECF No. 64), I renew my motion to strike based on each of the following being irrelevant to the sole issue on appeal of secondary source trademark. Appellees calculatedly and purposefully flooded their brief with irrelevant points to deflect focus from the sole issue on appeal as to whether Aaron Judge, and he alone, was a secondary source trademark.

**<u>Point 1</u>** – my **"Relevant Facts"** on p. 5 of my opening brief consisted of a mere three sentences on 4-lines. Predictably, Appellees start their brief ("Statement of the

Case") at pp. 2-3 with an ode to Mr. Judge as apparently being the greatest baseball player in the modern age. His "Meteoric Rise to Stardom," his home run prowess and his sports awards are devoid of appellate merit.

**Point 2** - **Section II** on p. 4 entitled: **"The Media, Public, and Licensees Identify Mr. Judge With Judicially-Themed Plays On His Surname."** This is a use analogous to trademark use argument. However, that concept was conceded by the Opposers as not being part of this trademark case (see TTAB Opinion p. 19, FN 58). Section II at pp. 4-5 refers to tangential matters that squarely come within the ambit of being a "use analogous" claim which is totally irrelevant.

**Point 3** - **Section III** is entitled: **"Apparel Items and Other Goods are Promoted Under The Judge Marks."** Pages 5-10 of their brief don't involve purported facts or argument concerning concept of Aaron Judge being a secondary source trademark as found by the TTAB. Assertions are made about the amorphous concept of "Judge Marks" when solely the slogans "ALL RISE" and "HERE COMES THE JUDGE" were the involved marks as was the word mark "Judge." However, given the issue on appeal, purported trademark usage pointing to these slogans and Judge being the commercial source of the IC 25 apparel is not involved in this appeal.

**Point 4** – **Section IV** is entitled "**Applicant Seeks To Register and Use Marks Associated with Mr. Judge."** Pages 11-15 pertain to my testimony concerning circumstances surrounding my reasons to have filed my ITU applications - when I

filed – why I created apparel samples – and likelihood of confusion matters. Absolutely none of this information pertains to the issue on appeal. Likelihood of confusion, timeliness of my filings and the reasons I did it along with Aaron Judge supposedly being "a marketing earthquake" (see p. 13) are absolutely irrelevant.

**Point 5** – within **Section V** entitled "**Proceedings Before The Board and The Board's Opinion.**" Once again, Appellees refer to the *DuPont* factors (which solely pertain to likelihood of confusion) and the reasons why I developed my trademarks. These have nothing to do with the appellate issues. I request that the following be deleted:

- Starting with last full sentence at bottom of p. 15 beginning with the words **"Nor did he offer any…"** continuing through the end of the first full paragraph on p. 16 ending with **"…many of which he repeats on appeal. Appx6247-300."**
- The first full paragraph on p. 17 beginning with **"Further, with respect to…Appx60."**

**Point 6** – within the **"Summary of Argument"** on p. 18, the following is stated:

> **The evidence Mr. Chisena did submit before the Board—namely testimony to have developed the marks independent of any knowledge of Mr. Judge—was not found to be credible. Appx60.**

This is totally inaccurate but it should be stricken as my knowledge or lack thereof of Mr. Judge – on this appeal – has nothing whatsoever to do with priority

based on Aaron Judge supposedly being a secondary source trademark.

**<u>Point 7</u>** - within the **"Summary of Argument"** starting on p. 19 within the paragraph **"Second.."** the sentence beginning with **"Moreover, Appellees provided…"** and continuing onto p. 20 inclusive of the first full paragraph ending with **"ownership of the Judge marks by Appellees"** should all be deleted. This appeal doesn't deal with the amorphous "Judge Marks." It deals with the TTAB's priority finding that Aaron Judge, and he alone, was a secondary source trademark.

**<u>Point 8</u>** – within the Appellees' **"Argument" Section III Point B** entitled **"The Judge Marks Were Tried By Implied Consent."** This entire section on pp. 27-30 must be deleted. The reason is two-fold: <u>First</u> – utilization of argument pertaining to "Judge Marks" is irrelevant as to whether Aaron Judge, and he alone, was a secondary source trademark. <u>Second</u> – not once in Appellees' TTAB main trial brief was the argument ever advanced that the concept of "implied consent" was applicable to the three (3) trademark opposition proceedings. Therefore - not having been duly and timely raised in Opposers' main trial brief – it cannot be raised on appeal to this Court.

**<u>Point 9</u>** – **Section IV** of the **"Argument"** on p. 30 is entitled "**The Judge Marks Are Trademarks."** Section A at pp. 30-31 is entitled "**The Judge Marks Are Distinctive."** Section A(1) at pp. 31-32 is entitled "**The Judge Marks Do Not Describe the Goods with Which They Are Used."** Again, whatever these supposed

"Judge Marks" are or are not, is absolutely irrelevant to whether or not – as found by the TTAB – that Aaron Judge, and he alone, was a secondary source trademark.

**<u>Point 10</u>** - **Section IV B** of the **"Argument"** on p. 37 is entitled "**The Judge Marks Are Source Indicators**." Clearly, that is totally irrelevant. The entire section (pp. 37-51) is devoted again to the so-called Judge Marks and whether or not:

- **Section B(1) -** at pp. 38-40 Appellees have made trademark use of those marks; **Section B(2) -** at pp. 40-42 – consumers associate Mr. Judge with "goods" having Judge Marks on them; and **Section B(2)(b)** at pp. 49-51 relative to Judge Marks having been pleaded and use proven.

All of the above is not relative to the issue of whether Aaron Judge was a secondary source trademark. Appellees can protest all they want to about their purported Judge Marks but those marks – and all matters pertaining to them (whatever they are) – do not at all bear on this appeal. My appeal brief pertained to the slogans *ALL RISE and HERE COMES THE JUDGE*, as well as JUDGE as a mark, and critically whether or not, Aaron Judge, and he alone, was a secondary source trademark as found by the TTAB.

**<u>Point 11</u>** – **"Argument" V** at p. 51 is entitled "**Appellees Pleaded and Proved Ownership and Use, and Therefore, Adoption, of The Judge Marks**." This introduction along with Point A at top of p. 53 and Point A(1) on pp. 53- 54 and Point A(3) on pp. 55-56 argue about Judge Marks. For the same reasons as stated above,

these arguments have nothing to do with the sole issue on appeal as to priority over my ITU applications solely found resulting from TTAB ruling that Aaron Judge, and he alone, was a secondary source trademark. It is unjust for Appellees to refer to "Judge Marks" as being the basis for that priority as that is not what the TTAB found. Priority was ruled based on Aaron Judge being a secondary source trademark. Priority was not found based upon any finding that "Judge Marks" and, more particularly, the slogans ALL RISE and HERE COMES THE JUDGE and the mark JUDGE were each and/or jointly considered as commercial source indicators. Appellees did not cross-appeal.

## TTAB Did Not Find that Opposers' All Rise and Here Comes the Judge <u>Slogans and Word Mark Judge were Commercial Source Indicators</u>

In Appellees' brief at p. 42 in footnote #7, it is claimed:

> **Contrary to Chisena's assertions, the Board did not "agree[]" with him or "conclude[] that the slogans ALL RISE and HERE COMES THE JUDGE and word mark JUDGE were not commercial source indicators."** ***See*** **Brief at 38. The Board, in fact, expressly held that each of the Judge Marks had been used as trademarks, pointing to Mr. Judge as the source of goods bearing those marks. Appx36-48.**

However, there is no quote from the TTAB's decision supposedly finding the above slogans and word mark JUDGE as being "commercial source indicators." Indeed, I quoted the relevant wording from the TTAB decision at pp. 47-48 of my opening brief. The TTAB made no such finding as claimed by Appellees. In fact, the TTAB glaringly never once used the term "commercial source" in its 61-page decision. Aaron Judge was found to be a secondary source trademark. That ruling

cannot be glossed over. The issue of secondary source and Opposers' lack of due and timely advancement of that argument is what is at issue on my appeal.

**The Slogans All Rise and Here Comes the Judge and Word Mark Judge as Used on Opposers' IC 25 Goods Are Not Distinctive and Do Not Support Secondary Source Trademark Usage**

Beyond fact that Opposers/Appellees waived secondary source trademark claim at TTAB, I point out in my opening brief that ALL RISE, HERE COMES THE JUDGE and JUDGE are not distinctive on the IC 25 goods as used by Opposers and do not function as trademarks (see pp 28-38). By claiming that the IC 25 specimens contained in the record prove otherwise, Appellees attempt to misdirect this Court. The Opposers' specimens were submitted on issue of those slogans and word mark as each being commercial source indicators which TTAB did not find. To claim on appeal that these same specimens used by Opposers and/or used by the licensees prove secondary source has been waived. The claim by Opposers was that the two slogans and the word mark JUDGE were commercial source indicators and never once was it ever duly and timely claimed that Aaron Judge was a secondary source trademark.

For Appellees to now assert for the first time as I quoted above from their brief in FN 7 on p. 42 that the two slogans and word mark JUDGE were commercial source indicators from perspective of first pointing to Aaron Judge as a secondary source trademark who then supposedly is concurrently recognized as authorizing

and sponsoring sales of IC 25 goods by MLBPA approved licensees as the manufacturing source is totally illogical. Such a convoluted prospect could never be reasonably ascertained by the purchasing public. Nor was such an assertion ever made by Opposers during the TTAB proceedings. I have painstakingly proven in my opening brief that the concept of secondary source trademark was never duly and timely proffered by the Opposers at anytime other than belatedly in their reply brief.

**Appellees' Arguments re:**
**Secondary Source Trademark have been Waived**

No assertion is made by Appellees that the secondary source trademark argument was ever raised by any of the parties at the TTAB level. Never once is there any assertion that this concept was ever presented in any timely manner in the TTAB proceedings.

At p. 41 of my Opening Brief, I wrote:

> **What case states that, if the secondary source trademark claim is not pleaded, or tried or argued, it can still be used by TTAB to make a finding that Opposers NOO can still be sustained based on the claimed word marks in opposition being declared by TTAB as secondary source trademarks? Neither TTAB nor Opposers (in their Reply brief) cited any such case.**

Appellees' failure to cite any such case tellingly illustrates that there is no such precedent for what the TTAB did. Appellees cite 57-cases without one supporting what the TTAB ruled despite there being no pleading, assertion or argument advanced by Opposers seeking to use the secondary source concept. Indeed, the

words “secondary source” were never used once in any pleading, any of the ten (10) licensee declarations prepared by McCarter & English or in its 54-page TTAB main trial brief.

As I wrote on p. 43 of my opening brief:

> **My TTAB brief at pp. 39-47 was totally geared to argue that JUDGE – ALL RISE – HERE COMES THE JUDGE were not distinctive and each failed to function as trademarks in and of themselves as not being the commercial source indicators of the IC 25 goods. No opposing argument was made by Hoffmann as to secondary source as no such claim was made by Opposers in their respective NOO, had been tried or presented in their trial brief.**

Secondary source trademark was never an issue that was discussed, tried or briefed at the TTAB level other than in Opposers’ Reply Brief for the very first time (see my Opening Brief pp. 43-45). Indeed, Mr. Hoffmann referenced it during TTAB oral argument as having been waived being only first raised in their TTAB Reply Brief with Ms. Shyavitz of McCarter & English not denying that.

The Appellees’ brief by not referring to anything in the TTAB record justifying any claim that Opposers had pleaded or tried or briefed secondary source concede the point I am advancing that such had been waived and there was no justification for TTAB to find priority using the secondary source principle.

**<u>Appellees’ Arguments re: Implied Consent have been Waived</u>**

Appellees raise the issue that the “Judge Marks” were tried by “implied consent” (see pp. 27-29). Such assertion was never made by Opposers in their main

TTAB brief. The words "implied consent" were never used once in Opposers' main trial brief. Further, neither did the TTAB use those words even once in its 61-page decision. Thus, there is not even a claimed assertion that secondary source was tried by implied consent.

In any event, the concept of "implied consent" was never duly and timely advanced in the TTAB proceedings. The belated reference in Opposers' Reply Brief at p. 16 was untimely. Appellees waived the concept of implied consent for all purposes that pertain to the supposed "Judge Marks" being used to justify priority as well as for any and all other assertions.

**Case Law Supporting Waiver by Appellees**
**of Secondary Source Claim and Implied Consent Claim**

The following cases from this Court support my claim that Appellees have waived both the secondary source argument and the implied consent argument:

- *Hylete LLC v. Hybrid Athletics, LLC*, 931 F.3d 1170 (2019)
- *Singhal v. Mentor Graphics Corp.*, 328 F. App'x 648 (2009)
- *Hoover Co. v. Royal Appliance Mfg. Co., 238 F.3d 1357 (2001)*
- *Young v. AGB Corp., 152 F.3d 1377 (1998)*

At pp. 47-48 of my TTAB brief, I wrote:

> **Opposers cannot now in a Reply Brief raise any points or contentions or submit any argument as to any matter that has been waived. See generally TBMP § 801.01 and, more particularly, Note 3 therein with cited cases; and TBMP § 801.02(c).**

These cases similarly apply to prohibiting the making of arguments for the first time on appeal which were not timely and properly presented to the TTAB.

## **Conclusion**

Opposers failed to prove § 2(d) priority for marks as pleaded in each of their Notice of Opposition prior to my respective three ITU filing dates. Therefore, this Court is requested to reverse the TTAB's ruling and find that each of my ITU filings should be permitted by the USPTO. Given that Appellees did not cross-appeal from the TTAB's decision, this Court should not send my cases back to the TTAB for any substantive reasons.

Executed on August 11, 2025

Respectfully submitted,

MICHAEL P. CHISENA

By: /s/ Michael P. Chisena

Appellant *pro se*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2023-2073

**Short Case Caption:** Chisena v. Major League Baseball Players Association

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- [x] the filing has been prepared using a proportionally-spaced typeface and includes 2,668 words.
- [ ] the filing has been prepared using a monospaced typeface and includes __________ lines of text.
- [ ] the filing contains __________ pages / __________ words / __________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. __________).

Date: 08/11/2025

Signature: /s/ Michael P. Chisena

Name: Michael P. Chisena

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2023-2073

**Short Case Caption** Chisena v. Major League Baseball Players Association

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 08/11/2025

by ☐ U.S. Mail ☐ Hand Delivery ☑ Email ☐ Facsimile
☐ Other: ____________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Alexander Hornat, Esq | ahornat@mccarter.com |
| Lori Shyavitz, Esq | LShyavitz@McCarter.com |
| Irene Hurtado, Esq. | IHurtado@McCarter.com |
| | |
| | |

☐ Additional pages attached.

Date: 08/11/2025

Signature: /s/ Michael P. Chisena

Name: Michael P. Chisena