NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL P. CHISENA,**
*Appellant*

**v.**

**MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION, AARON JUDGE,**
*Appellees*

---

2023-2073

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Nos. 91240180, 91242556, 91243244.

---

Decided: January 8, 2026

---

MICHAEL CHISENA, Garden City, NY, pro se.

LORI JANE SHYAVITZ, McCarter & English, LLP, Boston, MA, for appellees. Also represented by ALEXANDER HORNAT; IRENE MARY HURTADO, New York, NY.

---

Before LOURIE and HUGHES, *Circuit Judges,* and FREEMAN,[1] *District Judge.*

LOURIE, *Circuit Judge.*

Michael P. Chisena appeals from the final decision of the Trademark Trial and Appeal Board ("the Board") refusing registration of two standard character marks—ALL RISE and HERE COMES THE JUDGE—and one design mark, pictured below (collectively, "the proposed marks"). *See* S.A. at 1–61 ("*Decision*");[2] *see also Major League Baseball Players Ass'n v. Chisena*, 2023 WL 2986321 (T.T.A.B. 2023).



*Decision*, S.A. at 2. For the following reasons, we *affirm*.

## BACKGROUND

Chisena sought to register the proposed marks on the Principal Register for "clothing, namely t-shirts, shirts, shorts, pants, sweatshirts, sweatpants, jackets, jerseys, athletic uniforms, and caps." *Decision*, S.A. at 2. He filed three intent-to-use applications and claimed constructive use (*i.e.*, priority) dates of July 14, 2017 for the character

---

[1] Honorable Beth Labson Freeman, District Judge, United States District Court for the Northern District of California, sitting by designation.

[2] S.A. refers to the Supplemental Appendix, filed at ECF No. 75.

marks and October 12, 2017 for the design mark. *Id.* at 9–10. Appellee Major League Baseball Players Association ("the MLBPA") filed Notices of Opposition, challenging registration of the proposed marks. *Id.* at 2. Appellee Aaron Judge, an MLBPA member, jointly opposed registration of the design mark. *Id.* The Board consolidated the three opposition proceedings. *Id.* at 3.

Judge is an outfielder for the New York Yankees of Major League Baseball, *id.* at 5, and is a popular and marketable athlete, S.A. at 5424 ¶ 14. The baseball community has played on his surname, including by using the phrases "All rise!" and "Here comes the Judge." *Decision*, S.A. at 6–8.

Before the Board, the MLBPA and Judge (collectively, "Opposers") opposed registration under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), alleging that Chisena's proposed marks would likely cause confusion with Opposers' marks. *Decision*, S.A. at 18. Opposers claimed that they had common law trademark rights predating the constructive use dates of Chisena's proposed marks, including to ALL RISE and HERE COMES THE JUDGE, as well as certain judicial symbols and legal phrases such as a gavel, an image of a courthouse, or the scales of justice, all of which were associated with Judge. ("Opposers' marks"). *See id.* at 14.

In making its determination, the Board first found that the earliest priority dates on which Chisena could rely were his constructive use filing dates: July 14, 2017 for the character marks, and October 12, 2017 for the design mark. *Id.* at 19. The Board found that Opposers' marks were distinctive, *id.* at 32–36, used as trademarks before the priority dates, *id.* at 36–42, 49–50, and functioned as trademarks, *id.* at 42–48. The Board found that Opposers' first use predated Chisena's earliest priority dates. *Id.* at 50. The Board thus found that Opposers established priority of use of ALL RISE and HERE COMES THE JUDGE, as well as

judicial designs such as a gavel, courthouse image, or the scales of justice, as trademarks on t-shirts, baseball caps, and other athletic apparel. *Id.* at 50. The Board further determined there was a likelihood of confusion between Chisena's proposed marks and Opposers' marks, sustained the Opposers' objections, and refused registration of Chisena's proposed marks. *Id.* at 51–61.

Chisena timely appealed and we have jurisdiction under 15 U.S.C. § 1071(a) and 28 U.S.C. § 1295(a)(4)(B). We affirm.

## DISCUSSION

Section 2(d) of the Lanham Act "precludes registration when a mark is likely to cause confusion with a mark or trade name previously used or registered by another." *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1161–62 (Fed. Cir. 2002) (citing 15 U.S.C. § 1052(d); *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000)). "Hence, a party petitioning for cancellation under section 2(d) must show that it had priority" to the contested marks. *Id.* at 1162. Chisena challenges only the Board's priority ruling, Op. Br. at 4, so we do not address likelihood of confusion.

"To establish priority, the petitioner must show proprietary rights in the mark that produce a likelihood of confusion." *Herbko Int'l*, 308 F.3d at 1162 (citing *Otto Roth & Co. v. Universal Foods Corp.*, 640 F.2d 1317, 1320 (C.C.P.A. 1981)). "These proprietary rights may arise from a prior registration, prior trademark or service mark use, prior use as a trade name, prior use analogous to trademark or service mark use, or any other use sufficient to establish proprietary rights." *Id.* (citations omitted).

"The Board's determination of priority is a question of fact reviewed for substantial evidence." *Araujo v. Framboise Holdings Inc.*, 99 F.4th 1377, 1380 (Fed. Cir. 2024) (citing *Lyons v. Am. Coll. of Veterinary Sports Med. &*

*Rehab.*, 859 F.3d 1023, 1028 (Fed. Cir. 2017)). As a *pro se* litigant, Chisena is afforded a liberal reading of his filings. *See Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013). But this does not lower the standard for substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Araujo*, 99 F.4th at 1380 (citation omitted).

The Board's determination of priority was supported by substantial evidence. First, the Board properly determined Chisena's priority dates by pointing to testimony that Chisena "did not use the [proposed] marks in commerce until after he filed the three involved applications." *See Decision*, S.A. at 19; *see also* S.A. at 190–91, 209–10. Thus, Chisena could rely only on his constructive use filing dates: July 14, 2017 for the character marks and October 12, 2017 for the design mark. *Decision*, S.A. at 19 (citing *Zirco Corp. v. Am. Tel. & Tel. Co.*, 21 U.S.P.Q. 2d 1542, 1544 (T.T.A.B. 1991)); *see also* S.A. at 166, 190–95, 209–13. Indeed, Chisena does not seem to dispute these priority dates. *See, e.g.*, Op. Br. at 66 (using the July 14, 2017 priority date).

Second, the Board reasonably determined that Opposers have rights in the Opposers' marks that predate Chisena's priority dates. The Board considered testimony and documentation concerning multiple officially licensed products bearing Judge's personal indicia and judicial phrases or symbols, all of which came before the proposed mark's priority dates. *See Decision*, S.A. at 20–28; *see also id.* at 22–24 (June 2017 shirts with Judge's name or depiction, all stating "ALL RISE"); *id.* at 25 (June 2017 apparel with gavel design on baseball diamond background, stating "HERE COMES THE JUDGE"); *id.* at 26 (June 2017 clothing patches bearing judicial phrases, baseball symbols, and Judge's surname); *id.* at 27–28 (June 2017 apparel with baseball diamond design background, stating "THE JUDGE'S CHAMBERS"). This list of products, along with specific dates, constitutes substantial evidence that the

Opposers' marks were used as trademarks before Chisena's priority dates. *See Araujo*, 99 F.4th at 1380–81.

Chisena's arguments to the contrary are unavailing. Chisena first argues that Opposers did not adequately "plead" Opposers' marks in the Notices of Opposition. Op. Br. at 10–15. Specifically, he argues that for each Notice of Opposition, Opposers did not identify the specific marks at issue. *See id.* at 12–15. However, the Board found that Opposers' pleadings did afford Chisena fair notice. *See Decision*, S.A. at 31. We agree.[3]

Opposers' pleadings simply needed to afford Chisena fair notice of the claimed marks and the basis of its priority claims, and they did that. *See Bureau Nat'l Interprofessionnel du Cognac v. Cologne & Cognac Ent.*, 110 F.4th 1356, 1373 (Fed. Cir. 2024) (finding sufficient pleading of claim where "it was clear from the Notice, and from the nature of the claim, [w]hat Opposers intended to argue"). Opposers' Notices of Opposition included sufficient detail to give Chisena fair notice, as each Notice claimed ownership of a mark that served as a basis for opposing Chisena's proposed marks. *See id.*; S.A. at 77–78, 80 (Notice of Opposition to HERE COMES THE JUDGE due to a likelihood of confusion with Opposers' JUDGE mark); *id.* at 6349–50, 6352 (Notice of Opposition to ALL RISE due to a likelihood of confusion with Opposers' ALL RISE mark); *id.* at 6366–

---

[3] Chisena also argues that Opposers waived a variety of arguments, including distinctiveness, Op. Br. at 29, 31, failure to function, *id.* at 40, 45, 55, and ownership and adoption of the marks, *id.* at 16–17. But these arguments are not persuasive, as Opposers' pleadings clearly lay out their proprietary rights, stating the Opposers' marks are distinctive and pointing to Judge as the primary source of his baseball services and the secondary source of the licensees' apparel and items. *See, e.g.*, S.A. at 80–82, 6351–54, 6368–72.

67, 6369–70 (Notice of Opposition to the design mark due to a likelihood of confusion with Opposers' marks that use "Judge's surname, JUDGE, HERE COMES THE JUDGE and ALL RISE, and judicial symbols, including gavels, alone and with other terms and design").

Next, Chisena argues that Opposers' ALL RISE and HERE COMES THE JUDGE marks are not inherently distinctive and therefore ineligible for trademark protection. *See* Op. Br. at 29. "A mark that is fanciful, arbitrary, or suggestive is considered to be inherently distinctive, and thus automatically qualifies for trademark protection." *Nautilus Grp., Inc. v. ICON Health & Fitness, Inc.*, 372 F.3d 1330, 1340 (Fed. Cir. 2004); *accord In re Pacer Tech.*, 338 F.3d 1348, 1350 (Fed. Cir. 2003) (denying registration where there was no inherent distinctiveness). We review this determination for substantial evidence. *Pacer Tech.*, 338 F.3d at 1350.

The Board found that ALL RISE and HERE COMES THE JUDGE were distinctive. *Decision*, S.A. at 32. Again, we agree with the Board. Its conclusion on distinctiveness was supported by substantial evidence that ALL RISE and HERE COMES THE JUDGE are arbitrary because they do not describe the apparel on which they appear. *See Nautilus*, 372 F.3d at 1340 ("an arbitrary mark is a known word used in an unexpected or uncommon way" and is "typically strong" (citation omitted)); *Decision*, S.A. at 24–25 (shirts with Judge's likeness stating ALL RISE and HERE COMES THE JUDGE).

In the same vein, Chisena argues that the ALL RISE and HERE COMES THE JUDGE marks are not distinctive because they are a surname and nickname, respectively. *See* Op. Br. at 33. These arguments are unpersuasive. The Board reasonably explained that the primary significance of ALL RISE and HERE COMES THE JUDGE was the judicial connotation: that is, the word JUDGE is not primarily merely a surname, as HERE COMES THE JUDGE has

a dual meaning, playing on both the judicial and surname meanings. *See Decision*, S.A. at 33–34; *see also id.* at 25 (shirts displaying HERE COMES THE JUDGE with Judge holding a gavel).[4] The same is true for Chisena's nickname argument, as the Board reasonably explained that ALL RISE is associated with Judge, regardless whether it is his nickname. *See Decision*, S.A. at 35–36; *see also id.* at 24 (shirts stating ALL RISE and displaying Judge's name).

Finally, Chisena argues that the Opposers' ALL RISE and HERE COMES THE JUDGE marks failed to function as trademarks. *See* Op. Br. at 39 (arguing the marks were "ornamentation or informational messaging"); *id.* at 53 (arguing no evidence of secondary source identification). A trademark must "function as a source identifier." *In re Vox Populi Registry Ltd.*, 25 F.4th 1348, 1351 (Fed. Cir. 2022). Here, we "focus[] on how the mark[s] [are] used in the marketplace and how [they are] perceived by consumers." *In re Brunetti*, 151 F.4th 1367, 1375 (Fed. Cir. 2025) (quoting *In re GO & Assocs., LLC*, 90 F.4th 1354, 1356 (Fed. Cir. 2024)).

We review this determination for substantial evidence. *Id.* The Board found that the marks do function as trademarks. *Decision*, S.A. at 48. We agree. Opposers presented substantial evidence that these marks were source identifiers, as customers who would encounter those marks on apparel would associate them with Judge. *See id.* at 38–42, 44. Specifically, the Board pointed to the media articles referring to Judge using the phrase ALL RISE, *id.* at 39–

---

[4] Chisena seems to rely on 15 U.S.C. § 1052(e)(4), which does not allow trademark registration of a mark that "is primarily a surname." *See* Op. Br. at 35–36; *see also Decision*, S.A. at 33 (analyzing Chisena's surname arguments under § 1052(e)(4)). While this is a statutory requirement for registration, we analyze this argument in the context of common law distinctiveness.

40, the formation of a "Judge's Chambers" in right field of Yankee's Stadium, *id.* at 40–41, and "judicially-themed" apparel to indicate a connection with Judge. *See, e.g.*, S.A. 4257–58 (t-shirt saying "ALL RISE" with a gavel bearing Judge's jersey number); *id.* at 5429 ¶ 30 (apparel products featuring judicial indicia and the phrases ALL RISE, JUDGE'S CHAMBERS, and JUDGEMENT DAY produced in connection with Judge). Substantial evidence therefore supports the Board's findings that Opposers' ALL RISE and HERE COMES THE JUDGE marks functioned as trademarks.

## CONCLUSION

We have considered the remainder of Chisena's arguments and find them unpersuasive. For the foregoing reasons, we judge that the Board's order refusing registration of the proposed marks was supported by substantial evidence and was consistent with law.

**AFFIRMED**